UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREA RACHELLE CLINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-00319 (CEJ) |
| | ) |
| MENTOR WORLDWIDE LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Andrea Clinton for a protection order and/or to quash a subpoena [Doc. #130] served on her attorney, Benjamin Anderson, for records regarding compensation of an expert witness. Defendant has responded in opposition and the issues are fully briefed.

### I. **Background**

Plaintiff brings this action alleging injuries sustained from ObTape, an implanted medical device manufactured by Defendant and used to treat stress urinary incontinence. Benjamin Anderson is counsel for Plaintiff. Dr. Daniel Elliott is a urogynecologist and an expert witness in this matter. Mr. Anderson was served with a subpoena on September 14, 2016 seeking information and records relating to compensation that Dr. Elliott has received relating to any transvaginal mesh litigation or matter. [Doc. #131-1, p. 6]. Dr. Elliott was deposed on July 24, 2016. Plaintiff moves to quash the subpoena on the grounds that: (1) the MDL court entered a case management order ordering all plaintiff-specific fact discovery completed by September 14, 2015; (2) this court's expert discovery deadline of July 15, 2016 has passed; (3) this court has already addressed similar efforts be

defendant to proceed with general discovery in denying defendant's efforts to take the deposition outside of the discovery deadline; and (4) the subpoena is untimely, over-broad and unduly burdensome.

## II. <u>Discussion</u>

As an initial matter, defendant questions plaintiff's standing to bring this motion to quash the subpoena. Ordinarily, a party "does not have standing to lodge objections to the issuance of third-party subpoenas to 'protect' the third party from undue burden, inconvenience, and the like." *Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV00175 AGF, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (quoting *Streck, Inc. v. Research & Diagnostic Sys, Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. Jun. 1, 2009)). An adverse party has standing to move to quash or modify a subpoena directed to a non-party if it claims a personal right or privilege with respect to information sought by a subpoena. *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 4:08MC00017 JLH, 2008 WL 4853620, at *1 (E.D. Ark. Nov. 6, 2008) (finding that a plaintiff had a personal right or privilege to its confidential business information); *Streck, Inc.*, 2009 WL 1562851, at *3 (finding that a party lacks a personal right or privilege in protecting a third-party from undue burden, inconvenience, and the like); *Chaikin v. Fid. & Guar. Life Ins. Co.*, No. 02 C 6596, 2003 WL 22715826, at *1 (N.D. Ill. Nov. 17, 2003) (finding that a plaintiff has a personal right to their individual investment and financial documents); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) (finding that a plaintiff had a personal right or on work product grounds).

Plaintiff argues that she has a personal right and privilege to the subject

matter of the subpoena because Dr. Elliott examined her and rendered opinions pertaining to injures she sustained and that are the subject matter of the lawsuit. However, the subpoena served on Mr. Anderson does not request plaintiff-specific personal information pertaining to Dr. Elliot's examination, or opinions on the injuries plaintiff sustained. Defendant is not requesting individual medical records, individual financial documents, proprietary materials that are specific to the plaintiff, nor any other information that would permit plaintiff to claim a personal right or privilege. Thus, the Court finds that the plaintiff lacks standing to move to quash the subpoena.

Even if plaintiff did have standing, she still would not be entitled to relief. Plaintiff's assertions that the subpoena is untimely, over-broad and unduly burdensome are unpersuasive. Fed. R. Civ. P. 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena that subjects a person to undue burden. Plaintiff has presented no evidence that the subpoena or the request itself is unduly burdensome. Further, the subpoena is not untimely because the information was requested on June 20, 2016 – well before the expert discovery deadline of July 15, 2016. Plaintiff argues that the subpoena is over-broad because defendant requests "any and all documents pertaining to Dr. Daniel S. Elliot's compensation in pelvic mesh litigation." [Doc. #131-1]. However, plaintiff does not present any support for her overbreadth claim. In the initial request for documents from Dr. Elliot, the defendant requested: (1) correspondence to or from plaintiff's counsel that relates to compensation for your study and/or testimony; and (2) time or billing records for services rendered in this case. [Doc. 131-2, ¶3(a), ¶8]. In his deposition testimony, Dr. Elliot stated that Mr. Anderson was his contact for his involvement in

mesh litigation and that Mr. Anderson would have all of the documentation pertaining to records of Dr. Elliot's compensation in litigating mesh or transvaginal products. [Doc. #132-2]. Plaintiff does not deny that Mr. Anderson is in possession of the requested documents. Both the initial request for documents and Dr. Elliot's deposition testimony support defendant's request.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for protective order and/or to quash subpoena [Doc. #130] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2016.